# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-40757
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CRISTOBAL HERNANDEZ-GUIDO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-408-ALL

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cristobal Hernandez-Guido appeals his conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(b). He argues that the district court erred in assessing a criminal history point for his prior misdemeanor conviction for attaching a tag not assigned in violation of FLA. STAT. ANN. § 320.261. Under that section, a person commits an offense by "knowingly attach[ing] to any motor vehicle . . . any registration license plate, . . . which . . . was not issued and assigned or lawfully transferred to such

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vehicle." Id.  Hernandez-Guido was convicted of that offense when he was stopped in Venice, Florida while driving a vehicle with a license plate that belonged to another car.

In determining a defendant's criminal history score, "[s]entences for misdemeanor and petty offenses are counted," except for offenses listed under U.S.S.G. § 4A1.2(c)(1) and "offenses similar to them."  See § 4A1.2(c)(1).  In determining whether a prior offense is "similar" to a listed offense in § 4A1.2(c)(1), this court employs a "common sense approach which relies on all possible factors of similarity."  United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991).

Hernandez-Guido argues that his offense of attaching a tag not assigned is similar to "[d]riving without a license or with a revoked or suspended license," an offense listed in § 4A1.2(c)(1) , or failing to maintain automobile insurance, the offense we concluded should not be counted under § 4A1.2(c)(1) in Hardeman.  We disagree.  The punishments for Hernandez-Guido's offense and the offense of driving without a license or with a revoked or suspended licence do have, under Florida law, similar punishments.  See FLA. ST. ANN. §§ 320.261 and 322.34(2)(a).  In addition, Hernandez-Guido's sentence of six months probation indicates that the sentencing court did not perceive his offense as very serious.

Nevertheless, to commit the offense of attaching a tag not assigned, Hernandez-Guido had to knowingly attach a tag to a vehicle that was not assigned, issued, or lawfully transferred to that vehicle.  See FLA. ST. ANN. § 320.261.  Because Hernandez-Guido had to expend resources to locate a tag belonging to one vehicle and affix it to another vehicle, his offense involved a greater degree of culpability and likelihood of future criminal conduct than the offenses of driving without a license, driving with a revoked or suspended license, and failing to maintain automobile insurance.  See Hardeman, 933 F.2d

at 281. Accordingly, the district court did not err in assessing Hernandez-Guido a criminal history point for his conviction for attaching a tag not assigned. Id.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Hernandez-Guido challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008). Hernandez-Guido's conviction and sentence are AFFIRMED.